UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD JAMES PERLEBERG,

        Petitioner,         Case No. 1:17-cv-91

v.        Honorable Robert J. Jonker

DEWAYNE BURTON,

        Respondent.
_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Chad James Perleberg presently is incarcerated at the Richard A. Handlon Correctional Facility. He pleaded guilty in the Kent County Circuit Court to embezzlement of more than $100,000, MICH. COMP. LAWS § 750.174(7). On October 29, 2015, the trial court sentenced Petitioner to imprisonment for 5 to 20 years.

Petitioner sought leave to appeal to the Michigan Court of Appeals, raising two issues:

> I. THE CIRCUIT COURT ERRED BY FAILING TO CALCULATE THE SENTENCING GUIDELINES[.]
>
> II. THE SENTENCE WAS UNREASONABLE UNDER PRINCIPLES OF PROPORTIONALITY[.]

(Attach. 1 to Pet., ECF No. 1-1, PageID.18.) In an order issued on December 18, 2016, the court of appeals denied leave to appeal for lack of merit in the grounds presented. Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same two claims. The supreme court denied leave to appeal on September 6, 2016. Petitioner did not seek certiorari in the United States Supreme Court.

Petitioner timely filed the instant habeas petition, raising the same two grounds presented to and rejected by the state appellate courts.

**Discussion**

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who

is incarcerated under a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas

petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 83, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted). The court may grant relief under the "unreasonable application" clause "if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular . . . case." *Williams*, 529 U.S. at 407. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White*, 134 S. Ct. at 1706-07 (quoting *Harrington*, 562 U.S. at 103).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan

appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

Both grounds for relief raised by Petitioner concern his sentence. First, he argues that, contrary to the decision of the Michigan Supreme Court in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), the trial court neglected to calculate the sentencing guidelines range before imposing sentence above that range. Instead, the court merely made findings that particular variables failed to fully capture the seriousness of the offense. Second, Petitioner argues that his sentence of 60 months is disproportionate, given that the sentencing guidelines would have set his sentence at 12 to 20 months.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law.

*Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

To the extent Petitioner intends to suggest that his sentence was disproportionate under *People v. Milbourn*, 461 N.W.2d. 1 (Mich. 1990), he fails to raise a cognizable habeas claim. In *Milbourn*, the Michigan Supreme Court held that a sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). It is plain that *Milbourn* was decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at * 2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). As previously discussed, a federal court may grant habeas relief solely on the basis of federal law and has no power to intervene on the basis of a perceived error of state law. *See Wilson*, 131 S. Ct. at 14; *Bradshaw*, 546 U.S. at 76; *Pulley*, 465 U.S. at 41. Thus, Petitioner's claim based on *Milbourn* is not cognizable in a habeas corpus action.

Moreover, to the extent that Petitioner intends to argue that his sentence was disproportionate under the Eighth Amendment, his claim is without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin*

*v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Further, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment.

Petitioner also fails to demonstrate a due process violation. A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980), *quoted in Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d

356, 358 (6th Cir. 1984); *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner does not identify any facts found by the court at sentencing that were either materially false or based on false information. He therefore fails to demonstrate that his sentence violated due process. *Tucker*, 404 U.S. at 447; *United States v. Lanning*, 633 F.3d 469, 477 (6th Cir. 2011) (rejecting due process claim where the petitioner failed to point to specific inaccurate information relied upon by the court)

For all these reasons, the state-court's rejection of Petitioner's claims was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application under Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     March 14, 2017            /s/ Robert J. Jonker
                                                           ROBERT J. JONKER
                                                           CHIEF UNITED STATES DISTRICT JUDGE